# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| **Hilary David Mason** **and Tammy Lee Mason,** | : | |
| Debtors. | : | Case No. 19-16408 (JKF) |
| _____ | | |
| **Richard Lieberman,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **Hilary David Mason** **and Tammy Lee Mason,** | : | |
| Defendants. | : | Adv. No. 20-00007 (JKF) |
| _____ | | |

# **MEMORANDUM OPINION**

By: JEAN K. FITZSIMON, United States Bankruptcy Judge.

*Introduction*

      Before the Court is the Defendants' Motion to Dismiss this adversary proceeding. The Plaintiff opposes the Motion. For the reasons which follow, the Motion will be granted but without prejudice.[1]

---

[1] As this ruling pertains to nondischargeability of a particular debt, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I).

*Cause of Action*

Plaintiff holds a claim against the Defendants which arises from two business loans. He now seeks to except his claim from the Defendants' discharge based on 11 U.S.C. § 523(a)(2)(A) (excepting from discharges debts arising from "false pretenses, a false representation, or actual fraud"). The premise of his case is that the Defendants misrepresented the purpose of the loans.

*Allegations*

It is alleged that the Plaintiff and Mr. Mason entered into a short term financing arrangement (¶10); that such financing was intended for the purchase of inventory for the Mr. Mason's cell phone business (*Id.*); that Mr. Mason agreed that he would repay the loans from the profits earned from the sale of the cellphones and also pay Plaintiff a portion of the profits (¶11); that both Mr. and Mrs. Mason guaranteed the loans (¶12); that in December 2016 the Plaintiff made the first such loan to the business and to Mr. Mason in the amount of $275,000 (¶15); that such loan was memorialized by a promissory note (¶16); that the loan was to be repaid on March 1, 2017 (¶17); that on March 16, 2017 the Plaintiff loaned Mr. Mason and the business another $286,000 (¶21); that this loan was also memorialized by a promissory note (¶22); that repayment of the March Loan was due on April 17, 2017 or as soon as the merchandise for which the loan was provided was sold, whichever occurred sooner (¶23); that this loan, too, was also guaranteed by the both Mr. and Mrs. Mason (¶25); that the Defendants have failed to pay both the December and March Loan as well as to have honored the guarantees (¶¶27-28); that this caused the parties to enter into a Settlement Agreement (¶29); that under the Settlement Agreement the parties agreed that the Plaintiff was

owed the sum of $561,000 and that the Defendants and the business was to make periodic payments to the Plaintiff (¶¶32-33); and that notwithstanding the Settlement Agreement, the Defendants failed to make payments due under that agreement (¶34); that as a result the Plaintiff confessed judgment against the Defendants in state court (¶35); that the Plaintiff has learned that Defendants never had any intention of using the Loans to buy inventory as represented but, instead, used those funds to buy a vacation home, to pay off personal debts, and to gamble (¶¶ 39-42); and that had Plaintiff known that the Defendant husband was lying when he represented to Plaintiff that the Loans were intended for the purchase of inventory, the Plaintiff would not have made the Loans. (¶43)

*Defendants' Arguments*

The Defendants offer three reasons why the Complaint should be dismissed, in whole or in part. First, they argue that the operative relationship is not the original loans and any representations that were made as part of those transactions. Instead, it is the Settlement Agreement which governs the parties' relationship and there are no fraudulent representations alleged to have be associated with that. Second, they argue that as plead, the fraudulent representation attributed to Mr. Mason is lacking the required detail. Third, and last, they maintain that the Complaint fails to allege any fraudulent conduct which may be attributed Mrs. Mason.

*Settlements and*
*Prior Fraud Claims*

Defendants' first ground for dismissal is that the operative document was not procured by fraud. They refer to the Settlement Agreement which the parties reached after the Defendants defaulted on the two loans. Nothing in the complaint alleges that

the Settlement Agreement was entered into as a result of fraud on the part of either Defendant. For that reason, the complaint must be dismissed. Mot. 4.

The Plaintiff's response to this argument is that controlling authority is in its favor and rejects the Defendants' argument. Res. 7-9. It relies here on *Archer v. Warner*, 538 U.S. 314 (2003). Judge Frank of this District provides this highly useful analysis of that case:

> In *Archer,* the plaintiffs alleged that the debtors had committed fraud in the purchase of a business. They filed suit and settled the action. The settlement agreement provided for a complete release of the claims and no admission of any fraud. The debtors later defaulted on the obligation and filed bankruptcy.
>
> The plaintiffs as creditors then sought to have the debt determined nondischargeable. The lower courts, including the Fourth Circuit Court of Appeals, found that the settlement agreement, releases, and the promissory note "had worked a kind of 'novation.'" 538 U.S. at 318, 123 S.Ct. 1462. Thus, under the new contract, the debt was a different obligation, one that was not potentially obtained by fraud. The lower courts held it to be a debt under the settlement agreement and dischargeable in bankruptcy.
>
> The Supreme Court reversed on the ground that the outcome was controlled by its earlier decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).
>
> As summarized in *Archer,* the factual scenario in *Brown* was as follows:
>
> (1) Brown sued Felsen in state court seeking money that (Brown said) Felsen had obtained through fraud;
>
> (2) the state court entered a consent decree embodying a stipulation providing that Felsen would pay Brown a certain amount;
>
> (3) neither the decree nor the stipulation indicated the payment was for fraud;
>
> (4) Felsen did not pay;
>
> (5) Felsen entered bankruptcy; and
>
> (6) Brown asked the Bankruptcy Court to look behind the decree and stipulation and to hold that the debt was nondischargeable because it was a debt for money obtained by fraud.
> *[citation omitted]*

> In *Brown,* the Court unanimously held that "[c]laim preclusion did not prevent the Bankruptcy Court from looking beyond the record of the state-court proceeding and the documents that terminated that proceeding (the stipulation and consent judgment) in order to decide whether the *822 debt at issue (namely, the debt embodied in the consent decree and stipulation) was a debt for money obtained by fraud." 442 U.S. at 138–139, 99 S.Ct. 2205. In *Archer,* the Court adhered to *Brown's* holding, even though the "settlement agreement and releases may have worked a kind of novation." 538 U.S. at 323, 123 S.Ct. 146
>
> In *Brown* and *Archer,* the Supreme Court has instructed that a debt retains its underlying initial character even though it may change its form. "[T]he mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Archer,* 538 U.S. at 320–21, 123 S.Ct. 1462 (quoting *Brown,* 442 U.S. at 138, 99 S.Ct. 2205).

*In re Mickletz*, 544 B.R. 804, 821–22 (Bankr.E.D.Pa. 2016)

As Judge Frank's analysis plainly reveals, the instant dispute is on all fours with *Archer*. Like that case, this one involved a claim of fraud arising in a financial transaction. And, as in *Archer*, the parties settled their dispute, but the borrowers defaulted again and filed bankruptcy. And finally, when the lender sought to except the claim from discharge, the debtor contended that the settlement agreement did not involve fraud and so there exist no grounds for nondischargeability. That position having been rejected by a superior tribunal whose decisions constitute binding authority for this Court, it must be rejected in this instance.

*Pleading Standard*

The Defendants' second challenge to the complaint goes to the sufficiency of the pleading. Mot. 4-5. To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2) (made applicable by B.R. 7008). However, "recitals of the elements of a cause of action, supported by mere conclusory

5

statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). Where fraud is alleged, the rules require the complaint to include specificity as to the "circumstances constituting fraud" such as the "who, what, when, where, and how." *In re Dulgerian,* 388 B.R. 142, 147 (Bankr.E.D.Pa.2008) (citing *In re Rockefeller Center Properties, Inc. Sec. Litig.,* 311 F.3d 198, 217 (3d Cir. 2002)). This particularity requirement "place[s] the defendants on notice of the precise misconduct with which they are charged, and ... safeguard [s] defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984). Pursuant to Fed. R. Bankr.P. 7009, a 12(b)(6) motion to dismiss may be predicated upon a plaintiff's failure to meet the heightened pleading requirements of Rule 9(b). *See* Fed. R. Bankr.P. 7009;

"Despite Rule 9(b)'s stringent requirements ... 'courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1418 (3d Cir.1997) (citing *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 284 (3d Cir.1992)). "Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." *Id.*

6

Because the alleged misrepresentation occurred as part of a transaction, there is no risk of Mr. Mason hiding some wrongful conduct. The misrepresentation having alleged to have been made to the Plaintiff, the Court would expect *him* to remember what exactly was said or he would not have made the claim of misrepresentation in the first place. So, his generic assertion of misrepresentation as to the Defendant Husband's statement to the Plaintiff that the Loans were intended for the purpose of buying inventory for his business will not suffice. The Defendants are entitled to know *when* it was made: prior to, at the time of, or after the loans were extended. Neither is it stated *where* the parties were when the statement was made or if anyone else was present when it was made. Lastly, it is not stated *how* it was made: in writing, specifically, in the promissory note,[2] or orally. While much of this can be confirmed (or contradicted) in discovery, the Defendants need to know now what Mr. Mason said if they are to answer that allegation truthfully and without unfairly endangering themselves. *See In re Aslansan*, 490 B.R. 675, 684 (Bankr.E.D.Pa. 2013) (finding that complaint sufficiently alleged fraud by alleging with some precision the when, where and how the fraud occurred thereby imposing upon the defendant the obligation to respond). And so, for that reason, the complaint must be dismissed as to him albeit without prejudice.

*Fraud Claim*
*Against Mrs. Mason*

The final challenge to the complaint pertains to Mrs. Mason. The Defendants maintain that the complaint fails to state a fraud claim against her. They explain that all

---

[2] And the promissory notes are of little help here. The first (Ex. A) does not mention the purpose of the loans. The second (Ex. C) refers cryptically to the loan amount being the "result of a shared deal where Richard funded the amount of $270,000 towards the buy, and his share of the profits on the sale is $16,000."

7

the allegations involving the inception of the loan are limited to the Defendant husband and the corporation. She is mentioned only as having guaranteed the loans. There being no allegation that she made any representation as to the purpose of the loans, false or otherwise, the complaint fails to state a fraud claim against her. Mot. 11-12.

In response, the Plaintiff makes number of points apparently intended to show that fraud is sufficient alleged as to Mrs. Mason. He begins by pointing out Mrs. Mason is a co-owner and operator of their company. Next, the Plaintiff states that he "also alleged throughout the Complaint that both of the Masons made misrepresentations to obtain the loans" and cites the complaint generally. Finally, the Plaintiff returns to Mrs. Mason's status as co-owner of the business stating that it is entirely plausible that she had just a much involvement in the false representations as did her husband. Resp. 14.

The Court finds nothing here to be persuasive. First, as to the claim that Mrs. Mason's status as co-owner means that what ever fraudulent statement her husband may have made can be attributed to her, no authority is offered for that statement. Second, that assertion that the complaint states "throughout" that both husband and wife made misrepresentations is incorrect: the only mention of Mrs. Mason having done anything regarding the procurement of the loan is to have given a guarantee. The mere fact that Mrs. Mason guaranteed the loans does not ipso facto constitute a fraudulent statement. *See In re Phillips*, 573 B.R. 626, 645 (Bankr.E.D.N.C. 2017) (stating that debt based on guaranty does not constitute nondischargeable fraud); *In re Gaddy*, 2018 WL 10345329, at *8 (Bankr.S.D.Ala., Jan. 5, 2018) (finding that judgment debt based on guarantee does not constitute nondischargeable fraud). So, the complaint contains no

factual allegation which allow a plausible reading of fraud attributable to Mrs. Mason. The complaint, therefore, must be dismissed as to her as well but without prejudice.

*Summary*

The fact that the parties entered into a settlement agreement after the alleged fraud took place does not preclude the Court from reviewing the Complaint for stating a fraud claim and so it stands. What is alleged as to Mr. Mason's representations to the Plaintiff are lacking in enough detail as required by applicable rules of pleading. Finally, the Complaint fails to allege a fraud claim against Mrs. Mason. For those latter two reasons, the Motion to Dismiss will be granted but without prejudice.

An appropriate order follows.

**BY THE COURT**

*[signature]*

**Dated: April 28, 2020**              **HONORABLE JEAN K. FITZSIMON**
                                       **United States Bankruptcy Judge**

Copies to:

<u>Plaintiff's Counsel</u>
Jessica M. Gulash, Esquire
LUNDY BELDECOS & MILBY P.C.
450 N. Narberth Avenue, Suite 200
Narberth, PA 19072

<u>Defendants' Counsel</u>
David B. Smith, Esquire
Michael P. Donahue, Esquire
Smith Kane Holman, LLC
112 Moores Road, Suite 30
Malvern, PA 19355